# United States Court of Appeals for the Fifth Circuit

————————

No. 25-20363

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2026

Lyle W. Cayce
Clerk

GARY LEE CUNNINGHAM,

*Plaintiff—Appellant*,

*versus*

PLAINSCAPITAL BANK; PATHWARD NATIONAL ASSOCIATION,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-2602

———————————————————————————

Before STEWART, GRAVES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Gary Lee Cunningham filed this *pro se* suit against Pathward National Association ("Pathward") and PlainsCapital Bank ("PlainsCapital"), alleging financial fraud. The district court held that Cunningham is subject to a valid arbitration agreement that preempts this suit, and that he fails to state a plausible claim for relief. Cunningham appealed. For the following reasons, we AFFIRM in part, and VACATE and REMAND in part.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20363

# I

Cunningham alleges that he was the victim of a fraudulent scheme in which criminals used artificial intelligence ("AI") to clone his voice and direct his accountant to transfer more than $20,000. The funds were transferred from four business checking accounts owned by four different partnerships at PlainsCapital to an account at Pathward. The signature card for each of the four accounts lists Cunningham, Cunningham's partner Douglas Simpkins, and Charles Walters as authorized signers.

On December 30, 2020, Simpkins executed an Acceptance of Service Agreement for electronic funds transfers, including wire services, for each of the accounts. By signing the Acceptance of Service Agreement, Simpkins agreed to be "bound by the terms of the PlainsCapital [Terms & Conditions Agreement]." The Terms & Conditions Agreement provides:

> Customer agrees that Authorized Signers shall be authorized to act on behalf of Customer in all transactions contemplated therein and herein, including, without limitation, selecting Services for the benefit of Customer, appointing agents to act on behalf of Customer in the delivery of Services and signing additional documentation that may be necessary to implement Services.

It also contains an "Arbitration and Waiver of Jury Trial" provision, which provides that either the bank or customer may seek arbitration of any claim concerning the customer's account. According to the agreement, "all such claims are subject to arbitration, under the [Federal Arbitration Act], regardless of the theory they are based or the remedy sought."

On June 5, 2025, Cunningham filed a civil lawsuit in the Southern District of Texas against PlainsCapital and Pathward under various federal statutes and rules for sending his personal funds to an account at Pathward

and dispersing his funds to criminals on November 5, 2024. Specifically, he alleged that criminals hacked his email account, sent hacked emails claiming to be him, and used AI to clone his voice to convince his and Simpkins's accountant to transfer funds into a fraudulent account at Pathward. He claimed that PlainsCapital was "very aware that criminals were using very sophisticated technology, including cloning voices, to defraud bank customers." He further argued that PlainsCapital neglected to inform him, his accountant, or his partners of this scheme, "which would have prevented the transfer of these funds to these criminals." He complained that PlainsCapital repeatedly refused to refund the money. Finally, he alleged that Pathward did not respond to his correspondence requesting that it return the funds.

On July 1, 2025, Pathward filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On July 7, 2025, PlainsCapital filed a motion to compel arbitration and dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6), and 12(b)(7).[1] Cunningham did not respond to either motion. On July 30, 2025, he filed an amended complaint.

The district court granted both Pathward's and PlainsCapital's motions. As to Pathward's motion to dismiss, the district court concluded that Cunningham failed to state a claim upon which relief could be granted, explaining that "nowhere in Cunningham's complaint exist[ed] an allegation of any wrongful or tortious conduct Pathward specifically engaged in." As to PlainsCapital's motion to compel arbitration and dismiss, the district court granted it because Cunningham signed an enforceable arbitration agreement.

_____

[1] On June 24, 2024, Cunningham preemptively opposed PlainsCapital's motion to compel arbitration and stay proceedings. However, PlainsCapital filed a motion to compel arbitration and dismiss rather than a motion to compel arbitration and stay proceedings.

No. 25-20363

Because the district court found that the arbitration agreement should be enforced, it "decline[d] to consider PlainsCapital's arguments related to the substance of Cunningham's claims or the asserted federal statutes in the [c]omplaint." The district court ultimately dismissed Cunningham's claims against both Pathward and PlainsCapital.[2] Cunningham filed a motion to reinstate the case, which the district court denied. Thereafter, Cunningham timely appealed.

## II

"We start, as always, with jurisdiction." *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 629 (5th Cir. 2025) (quoting *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021)). We have "a duty to inquire into the basis of [our] jurisdiction and of the jurisdiction of the district court." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citation omitted). PlainsCapital disputes Cunningham's assertion of federal question jurisdiction. Although PlainsCapital raised this issue in the district court, the district court did not address whether it had subject matter jurisdiction. Rather, it assumed it had subject matter jurisdiction and proceeded to the merits. Therefore, we first consider whether it was appropriate for the district court to assume subject matter jurisdiction.

"We review de novo the district court's assumption of subject matter jurisdiction." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008) (emphasis omitted). Moreover,

---

[2] The district court did not specify whether the dismissals were with or without prejudice. "However, 'a dismissal is presumed to be with prejudice unless the order explicitly states otherwise.'" *Nationwide Mut. Ins. Co. v. Unauthorized Prac. of L. Comm.*, 283 F.3d 650, 655 n.26 (5th Cir. 2002) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)).

> where issues of fact are central both to subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits. In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.

*Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citations omitted); *see also Eubanks v. McCotter*, 802 F.2d 790, 792–93 (5th Cir. 1986) ("When the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action, the court should assume jurisdiction over the case and decide the case on the merits."). "The question of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action." *Eubanks*, 802 F.2d at 793 (alteration in original) (quoting *Clark v. Tarrant Cnty.*, 798 F.2d 736, 742 (5th Cir. 1986)).

The district court properly assumed subject matter jurisdiction because the question of subject matter jurisdiction and the merits of Cunningham's claims are intertwined. Cunningham asserts federal question jurisdiction and causes of action under several statutes, including the Electronic Fund Transfer Act ("EFTA"). The EFTA protects consumers against unauthorized transactions from their accounts. *See* 15 U.S.C. § 1693 *et seq.* "To be protected by [the] EFTA, the consumer's account must be an account that is 'established primarily for personal, family, or household purposes.'" *Frey v. First Nat'l Bank Sw.*, 602 F. App'x 164, 165 (5th Cir. 2015) (per curiam) (quoting 15 U.S.C. § 1693a(2)). PlainsCapital argues that Cunningham cannot state a claim under the EFTA because the accounts at issue are business checking accounts for partnerships, so the basis of federal

question jurisdiction is intertwined with the merits. *See Eubanks*, 802 F.2d at 793 (citation omitted). Therefore, the district court correctly assumed subject matter jurisdiction and proceeded to the merits.

Having concluded that the district court properly assumed jurisdiction over this matter, we proceed to consider our own jurisdiction over this appeal. This court has jurisdiction under 28 U.S.C. § 1291 because the district court entered final judgment in favor of Pathward and PlainsCapital. Although "we generally lack jurisdiction over interlocutory orders such as those compelling arbitration," "here there is a final judgment, which allows us to review otherwise unreviewable interlocutory rulings." *Yanez*, 140 F.4th at 629 (citations omitted).

## III

"We review a district court's ruling on a motion to dismiss de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

On appeal, Cunningham raises three arguments. First, he argues that the district court erred by granting PlainsCapital's motion to compel

arbitration and dismiss. Second, he asserts that this court should remand for consideration of substantial new evidence demonstrating financial fraud. Third, he contends that the district court erred by failing to consider his amended complaint before dismissing the case. We address these arguments in turn.

### A. PlainsCapital's Motion to Compel and Dismiss

Cunningham argues that the district court erred by granting PlainsCapital's motion to compel arbitration and dismiss. We disagree that the court erred by compelling arbitration, but agree that the district court erred by dismissing the claim.

We consider the arbitration issue first. "We review de novo a district court's ruling on a motion to compel arbitration." *Mertens v. Benelux Corp.*, 162 F.4th 492, 495 (5th Cir. 2025). We review "the factual findings related to an arbitration agreement's enforceability for clear error." *Yanez*, 140 F.4th at 629 (citation omitted). To determine whether the parties agreed to arbitrate this dispute, "we ask two questions: (i) whether there was a valid agreement to arbitrate between the parties, and if so, (ii) whether this dispute falls within the scope of that agreement." *Id.* at 629–30 (citation omitted). "We apply state contract law principles to determine if parties validly agreed to arbitrate a certain matter." *Id.* at 630 (citation omitted). Here, Cunningham only disputes whether there was a valid agreement to arbitrate.

The parties agree that Texas law applies. Under Texas law, "[s]ignature cards are valid contracts." *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (citing *Am. Airlines Emps. Fed. Credit Union v. Martin*, 29 S.W.3d 86, 96 (Tex. 2000)); *see also Jureczki v. Bank One Tex., N.A.*, 75 F. App'x 272, 274 (5th Cir. 2003) (unpublished) ("It is clear that by signing the card [the plaintiffs] entered into a binding contract."). Moreover, "[d]ocuments incorporated by reference in the signature card are part of the

contract." *In re Bank One*, 216 S.W.3d at 826 (citations omitted). Texas courts "presume that 'a party who signs a contract knows its contents.'" *Id.* (citations omitted).

Cunningham argues that there is no valid arbitration agreement because Simpkins did not have authority to bind the partnership or partners to the arbitration agreement. However, Simpkins was an authorized signer for each account, so he had the authority to "act on behalf of [the partnership] in all transactions." *See Whitney Nat'l Bank v. Baker*, 122 S.W.3d 204, 209 (Tex. App. 2003). As such, he had authority to execute the Acceptance of Service Agreement, which incorporated by reference the Terms & Conditions Agreement that contained the arbitration agreement. Because Simpkins is presumed to have known the contents of the Acceptance of Service Agreement, there was a valid arbitration agreement. *See In re Bank One*, 216 S.W.3d at 826. Thus, we affirm the district court's grant of PlainsCapital's motion to compel.

We next consider Cunningham's contention that the district court erred by dismissing his claim against PlainsCapital. We agree. Because the district court determined that Cunningham's claim against PlainsCapital is subject to arbitration, it should not have ruled on the merits of the claim. *See AT&T Techs., Inc. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 649 (1986) ("[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."). Therefore, we vacate the district court's dismissal of Cunningham's claim against PlainsCapital. Because PlainsCapital did not request a stay pending arbitration, we also remand for the district court to determine whether to stay the case pending arbitration or dismiss without prejudice on that basis. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable

dispute, and the party requests a stay pending arbitration, [section] 3 of the FAA compels the court to stay the proceeding.").

### B. Remand for Consideration of New Evidence

Cunningham argues that this court should remand for consideration of new and material evidence demonstrating "systemic elder financial exploitation linked to the fraudulent Pathward account." However, Cunningham has forfeited this argument.

"A party forfeits an argument . . . by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). "Even though a pro se litigant benefits from liberal construction, he still must adequately brief his arguments." *Price v. Nunally*, 758 F. App'x 349, 351 (5th Cir. 2019) (per curiam) (citing *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993)).

Cunningham has forfeited his argument that this court should remand for consideration of new and material evidence because he does not adequately brief it. He does not describe the substance of the alleged new and material evidence or whether it was discovered after he filed this appeal. And although he cites *Goodwin v. Johnson*, 224 F.3d 450 (5th Cir. 2000), Cunningham does not explain how this case applies or warrants remand. Therefore, Cunningham's remand argument is abandoned. *See Rollins*, 8 F.4th at 397.

### C. Amended Complaint

Finally, Cunningham argues that the district court erred by failing to consider his amended complaint before dismissing the case.

The Federal Rules of Civil Procedure provide:

A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is

No. 25-20363

one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Here, Pathward filed its motion to dismiss on July 1, 2025, and PlainsCapital filed its motion to compel and dismiss on July 7, 2025. Because the twenty-one-day deadline for filing an amended complaint as a matter of course under Rule 15(a) begins when the first defendant files its responsive pleading or motion, Cunningham's deadline was July 22, 2025. *See Bowling v. Dahlheimer*, No. 20-40642, 2022 WL 670150, at *2 (5th Cir. Mar. 7, 2022) (per curiam) (citations omitted). However, he filed an amended complaint on July 30, 2025, which was eight days late. As such, he could not amend his complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1).[3] Additionally, justice did not require that the court grant Cunningham leave to file an amended complaint as it largely reiterates the same points he made in his original complaint and was futile as far as remedying the deficiencies the district court ultimately found in his complaint. *See* FED. R. CIV. P. 15(a)(2); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

---

[3] Moreover, Cunningham did not receive the parties' written consent or the court's leave to file an amended complaint. *See* FED. R. CIV. P. 15(a)(2).

No. 25-20363

Therefore, Cunningham's amended complaint was procedurally improper, and the district court did not err by dismissing Cunningham's claims against Pathward. Because we ultimately agree with the district court that Cunningham fails to state a plausible claim for relief, we affirm its grant of Pathward's motion to dismiss.

## IV

In sum, we AFFIRM the district court's grant of PlainsCapital's motion to compel arbitration. However, we VACATE the district court's dismissal of Cunningham's claim against PlainsCapital, and REMAND for the district court to stay the case pending arbitration or dismiss without prejudice on that basis. Finally, we AFFIRM the district court's grant of Pathward's motion to dismiss.